UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Vicky K.,<br><br>    Plaintiff,<br><br>v.<br><br>Andrew M. Saul, Commissioner<br>of Social Security,<br><br>    Defendant. | Case No. 19-CV-01502 (ECW)<br><br>**ORDER** |

This matter is before the Court on Plaintiff's Counsel's Petition for Attorney Fees Under the Equal Access to Justice Act ("EAJA") ("Motion"). (Dkt. 36.) Plaintiff seeks attorney's fees under the EAJA in the amount of $9,294.48. (*Id.* ¶ 8.) The Commissioner of Social Security ("Defendant" or "the Government") has filed a response objecting to the amount of fees requested as unreasonable and requesting that the fees be reduced to $7,197.05. (Dkt. 40 at 2, 7.)[1] For the reasons stated below, Plaintiff's Petition is granted insofar as the Court awards fees in the amount of $9,293.12.

### I.    BACKGROUND

On June 7, 2019, Plaintiff filed this case seeking judicial review of a final decision by Defendant denying her application for supplemental security income. (Dkt. 1.) As part of her motion for summary judgment, Plaintiff challenged the Administrative Law

---

[1]    Unless otherwise noted, all page numbers refer to the CM/ECF pagination.

Judge's ("ALJ") evaluation of medical opinion evidence and of Plaintiff's limitations. (Dkt. 18.)  Defendant also filed a motion for summary judgment (Dkt. 20) but subsequently filed an Unopposed Motion to Reverse and Remand and for Entry of Final Judgment and supporting memorandum (Dkts. 28, 29).  On September 17, 2020, the Court granted Defendant's Motion to Remand and ordered that the case be remanded to the Commissioner of Social Security for further administrative action.  (Dkt. 32.)  On December 11, 2020, Plaintiff's counsel filed the present Motion under the EAJA, 28 U.S.C. § 2412(a).  (Dkt. 36.)  Defendant filed its opposition on December 22, 2020 (Dkt. 40), and Plaintiff filed a reply on January 11, 2021 (Dkt. 41).

## II.     ANALYSIS

### A.     Legal Standard

"It is the general rule in the United States that in the absence of legislation providing otherwise, litigants must pay their own attorney's fees."  *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 415 (1978) (citation omitted).  Congress has provided for limited exceptions to the general rule.  *See id.*  The EAJA is one of those exceptions.  The EAJA provides that "a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of the action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).

Under the EAJA:

[A] party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in [sic] behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

*Id.* § 2412(d)(1)(B). Any attorney's fees awarded under the EAJA must be reasonable. *Id.* § 2412(b).

Attorney's fees are not to be awarded under the EAJA merely because the Government lost the case. *See Welter v. Sullivan*, 941 F.2d 674, 676 (8th Cir. 1991) (citations omitted). However, Plaintiff is entitled to fees unless the Government's position was substantially justified. *See Lauer v. Barnhart*, 321 F.3d 762, 764 (8th Cir. 2003). The Government bears the burden of proving substantial justification for its position in the litigation. *Id.*

Here, the Government is not claiming that its position was substantially justified; rather it claims that the fees claimed by Plaintiff's counsel are unreasonable. (*See* Dkt. 40.) The Court therefore needs to determine how many hours were reasonably spent and award attorney fees accordingly. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) ("The district court also should exclude from this initial fee calculation hours that were not

reasonably expended.") (cleaned up). The fee applicant has the burden of showing that the fees sought are reasonable. *Hensley*, 461 U.S. at 437.

B.     **Reasonableness of Fees and Costs**

   1.     **Appropriate Hourly Rate**

Plaintiff, through the Petition of her counsel and supporting exhibits, requests fees in the amount of $9,294.48, calculated at the rate of 45.2 hours x $205.63 per hour. (Dkt. 36 ¶¶ 5-7.) Plaintiff's counsel asserts that the $205.63/hour billing rate is consistent with the Consumer Price Index ("CPI") for all urban consumers as of June 2019, when the case was filed. (*Id.* ¶ 5.) The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). The Eighth Circuit has concluded that this language means "that 'the district court may, upon proper proof, increase the . . . rate for attorney's fees to reflect the increase in the cost of living . . . .'" *Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990) (quoting *Kelly v. Bowen*, 862 F.2d 1333, 1336 (8th Cir. 1988) (citations omitted)). The CPI constitutes "'proper proof' of the increased cost of living since the EAJA's enactment and justifies an award of attorney's fees greater than [that provided for by the EAJA]." *Id*. (citations omitted); *see also Kelly*, 862 F.2d at 1336 (citations omitted).

The cost of living adjustment is calculated by multiplying the standard EAJA rate by the CPI for urban consumers for each year attorney's fees are sought, and then dividing the product by the CPI in the month that the cap was imposed, in this case 155.7 for March of 1996, the year the new statutory cap of $125 was put into place. *See*

*Knudson v. Barnhart*, 360 F. Supp. 2d 963, 974 (N.D. Iowa 2004).  Here, the work at issue was performed in 2019.  As such, the rate of hourly attorney's fees (including the cost of living adjustment entitled by counsel) would be $125 (statutory rate) x 256.1 (June 2019 CPI) / 155.7 = $205.60.  Plaintiff appears to have slightly miscalculated or misstated her result, stating that this calculation comes out to $205.6**3**, when it in fact comes out to $205.6**03**.  (*See* Dkt. 36 ¶ 5.)

The Government does not dispute the hourly rate Plaintiff's counsel claims.  (*See* Dkt. 40 at 7 (suggesting fee award using Plaintiff's billing rate).)  The Court finds that $205.60 per hour is a reasonable rate based on the cost of living adjustment for the period of time the work was performed.[2]  *See Consumer Price Index – June 2019*, Bureau of Lab. & Stat., https://www.bls.gov/news.release/archives/cpi_07112019.htm (last modified July 11, 2019).

    **2.**    **Reasonableness of the Time Expended by Plaintiff's Counsel**

Plaintiff's counsel requests 45.2 hours of fees be awarded, which, using Plaintiff's counsel's billing rate of $205.63 per hour, would result in an award of $9,294.48 (Dkt. 36 ¶ 6 (citing itemizations in Dkt. 37-1), ¶ 8) and using the calculated rate of $205.60, would result in an award of $9,293.12.  The Government objects to the amount of fees, specifically requesting that the Court "deny compensation for all hours or hourly rates that are not reasonable and reduce the fee accordingly" and proposing "that an award of no more than 35 hours is reasonable compensation in this case," which, using Plaintiff's

---

[2]    The difference between using $205.63 and $205.60 as the hourly rate for Plaintiff's requested 45.2 hours of work is less than two dollars.

counsel's billing rate of $205.63 per hour, would result in an award of $7,197.05. (Dkt. 40 at 2, 7.) The Government makes several arguments in support of reducing the number of hours.

First, the Government argues that Plaintiff's counsel "Karl E. Osterhout seeks reimbursement for 2 hours of work performed prior to filing of the Complaint on June 7, 2019," but "[t]he EAJA does not compensate for work performed at the administrative level, prior to filing the complaint." (Dkt. 40 at 3 (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 94, 97 (1991), and *Cornella v. Schweiker*, 728 F.2d 978, 988 (8th Cir. 1984)).) Plaintiff argues that the cited cases are "inapt" and states that the Government "has frequently raised [this issue] in response to numerous EAJA petitions and . . . has never once prevailed." (Dkt. 41 at 5-6.) The cases cited by the Government foreclose fees for work in administrative proceedings, not simply any work performed before filing the complaint. *See Cheryl J. v. Saul*, No. 18-CV-1292 (TNL), 2020 WL 2554623, at *2 (D. Minn. May 20, 2020) ("In *Melkonyan* and *Cornella*, the work discussed was performed *in administrative proceedings*, not in preparation for the filing of a civil action.") (collecting cases from federal courts in California "squarely and repeatedly reject[ing] the assertion that *Melkonyan* forbids compensation for work done in preparation for filing a civil action"). Here, Plaintiff's counsel did not represent Plaintiff in the administrative proceedings (Dkt. 41 at 3), and so the cases the Government cites are indeed inapt. The Court moreover concludes that spending 2 hours reviewing the underlying documents and conferring with a client before filing a complaint is reasonable. *See Cheryl J.*, 2020 WL 2554623, at *2 ("Moreover, the time Plaintiff's counsel spent familiarizing himself

with the ALJ's decision and conferring with Plaintiff regarding her case is appropriate considering Plaintiff's counsel did not represent her in the administrative proceedings and an attorney is expected to be familiar with the case prior to filing a case in federal court. Courts have regularly awarded compensation under the EAJA for time spent by counsel to familiarize themselves with the underlying administrative proceedings before filing in federal court. The Court finds that the request for 2.0 hours prior to the filing of the complaint is both permissible under established case law and reasonable given that Plaintiff's counsel was not involved in prior administrative proceedings.") (cleaned up); *Ubel v. Colvin*, No. CIV. 13-875 JRT/JJG, 2014 WL 2009051, at *4 n.5 (D. Minn. May 16, 2014) (reducing fee in some respects but stating that "[t]he two hours Mr. Osterhout spent reviewing the administrative decision and file and conferring with Plaintiff before preparing the Complaint was reasonable and necessary").

The Government next argues that "Mr. Osterhout's and Counsel Edward Olson's requested compensation for 45.2 total hours of attorney work also 'nears the upper limit for even complex cases,'" while "the issues in this case were not novel or complex" and "counsel raised only a single issue," the ALJ's evaluation of the opinion evidence, "one of the most common issues found in Social Security Disability cases. (Dkt. 40 at 4 (quoting *Bergstrom v. Astrue*, No. 10-4911 (SRN/JJG), 2011 WL 4436167, at *2 (D. Minn. Sept. 14, 2011)) (other citations omitted).)

Regarding the total number of hours compared with other cases, Plaintiff responds that, first, "these observations [that that many Social Security appeals end up reasonably requiring between 20 and 40 hours of legal work] are not a straitjacket, and awards of

near or more than 40 hours are not rare in this District" (Dkt. 41 at 2 (collecting cases awarding 48 hours or more)), and, second, since counsel did not represent Plaintiff until the stage of appealing to this Court, the representation required "becoming intimately familiar with a rather extensive administrative record (almost 1000 pages, which Defendant agrees is 'admittedly lengthy,' Def's Brief in Opp., p. 5)" and conducting "a comparison and analysis of the facts gleaned from this review of the file to Agency policy and Eighth Circuit case law, and ruling-in and ruling-out of potential legal issues as appropriate" (*id.* at 3). To begin with the question of how much time cases should take generally, the Court does not view more than 40 hours as per se unreasonable; indeed, "[a]wards just outside of [20 to 40 hours] are also not uncommon." *Dianna L. B. v. Saul*, No. 19-CV-2561 (TNL), 2021 WL 733995, at *2 (D. Minn. Feb. 25, 2021) (collecting cases). Regarding this case specifically, the Court notes that counsel did not represent Plaintiff in the underlying administrative proceedings and was required to review and analyze a lengthy administrative record, and the Court accordingly concludes that a total of 45.2 hours is not unreasonable. *See id.* (concluding that time requested was not unreasonable where plaintiff's counsel did not represent her in administrative proceedings and administrative record was over 950 pages); *Dang Chang v. Berryhill*, No. 15-CV-4496 (ADM/HB), 2017 WL 2773539, at *2 (D. Minn. May 31, 2017) (finding "the circumstances of this case to warrant the additional twelve hours over the alleged 'upper limit' of forty hours" where, among other circumstances, counsel did not represent plaintiff in administrative proceedings and plaintiff cited several cases granting

fees for more than 50 hours of work), *R.&R. adopted*, 2017 WL 2773524 (D. Minn. June 26, 2017).

Regarding the number and complexity of the issues, Plaintiff responds that the Government's argument that the case did not present novel issues "is practically a truism for the vast majority of Social Security appeals; the presentation of the assignments of error in this case nevertheless required extensive briefing (25 page opening brief) on fact-intensive issues based on an extensive record."  (Dkt. 41 at 3-4.)  Even where the issues in a Social Security appeal "are frequently litigated issues, their prevalence does not necessarily mean the time Plaintiff's counsel spent briefing them in this case was excessive."  *Cheryl J.*, 2020 WL 2554623, at *3; *see also Dianna L. B.*, 2021 WL 733995, at *2 (similar).  The Court notes that while the sole issue raised by the Plaintiff was the ALJ's analysis of the opinion evidence (*see* Dkt. 18 at 1), that issue did not lack complexity, as it involved the opinions of multiple state agency or consulting physicians and the opinion of a treating source, as well as records from that treating source that spanned several years, in addition to various other medical records, all involving complex mental health issues and alleged impairments and a lengthy administrative record (*see generally id.*; Dkt. 21 at 6-13).  The Court concludes that the time claimed by Plaintiff's counsel is not unreasonable in light of the issues and administrative record in the case.

The Government's third argument "objects to apparently duplicative billing by Mr. Osterhout" and cites four time entries totaling 23.1 hours for reviewing the case file, in addition to the 2 hours spent before filing the complaint. (Dkt. 40 at 4-5.)  Plaintiff responds that these five time entries are "not even a demonstration of 'duplicative

billing,' by any definition," and reviewing the file "is very time-consuming" and involves reviewing and cross-referencing the various pieces of the record, which was lengthy here, and includes both the medical evidence and various agency decisions and documents. (Dkt. 41 at 4.) The Court agrees that multiple entries reflecting that an attorney reviewed the file are not necessarily "duplicative billing" and further concludes that, for all the reasons already discussed above, 23.1 hours for reviewing the record is not unreasonable.[3]

The Government lastly "objects to Mr. Olson's excessive billing for receiving and reviewing documents" and lists about 20 entries for .10 or .20 hours each, totaling 2.3 hours, that were for reviewing "e-mails that only contained zoom links and a few lines of instructions," notices/orders that "were two-line 'text only' docket entries," or "other brief documents, many of which are common to all Social Security Disability cases." (Dkt. 40 at 5-6.) Plaintiff response that Mr. "Olson's minimal time expenditure of 2.7 hours represents precisely the type of services that a local counsel can be reasonably expected (if not *required*) to provide." (Dkt. 41 at 7.) Counsel are obligated to review filings, orders, and other communications from the Court. *T. R. v. Berryhill*, No. 17-CV-5587 (ECW), 2019 WL 4857708, at *3 (D. Minn. Oct. 2, 2019) (declining to deduct time for "a number of .1-hour entries representing Plaintiff's counsel receiving and reviewing various court filings and orders"). And "Local Rule 83.5(d)(2) requires non-resident

---

[3] One of the longer entries—for 8 hours—was for "review of file with legal research." (Dkt. 37-1 at 1.) The Court notes that spending a number of hours on legal research is also not unreasonable.

attorneys like attorney Osterhout to 'associate with an active member of the court's bar, in good standing, who must . . . participate in the preparation and presentation of the case . . . [and] accept service of all papers.'" *Cheryl J.*, 2020 WL 2554623, at *3 (noting that "Attorney Olson spent a relatively modest 2.30 hours reviewing a total of 13 filings"). The Court finds that the time requested by Mr. Olson is consistent with his obligations in this case.

In sum, the Court has reviewed the itemized time records for the work performed in this case and finds that the hours submitted, in light of the circumstances of the case, the legal work performed, and comparisons with similar cases in this District, are not excessive or unreasonable. The Court accordingly orders an award of $9,293.12 in attorney's fees to Plaintiff.

### III.   ORDER

Based on the files, records, and proceedings herein, **IT IS ORDERED THAT**:

1. Plaintiff's Counsel's Petition for Attorney Fees Under the Equal Access to Justice (Dkt. 36) is **GRANTED**, and Plaintiff is **AWARDED** $9,293.12 for reasonable attorney's fees under the EAJA.

2. In accordance with the EAJA and *Astrue v. Ratliff*, 560 U.S. 586 (2010), the EAJA award is payable to Plaintiff as the litigant and subject to offset to satisfy any preexisting debts that the litigant may owe to the United States.

3. Pursuant to Plaintiff's assignment of attorney's fees, Defendant shall send the EAJA payment, after any required offset, to Plaintiff's counsel, Karl E. Osterhout, in Plaintiff's name.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: June 17, 2021                              *s/Elizabeth Cowan Wright*
                                                  ELIZABETH COWAN WRIGHT
                                                  United States Magistrate Judge